DECISION
This matter is before the court for decision after a jury-waived trial concerning an automobile accident which occurred on October 30, 1996.
On that evening, Mr. Streitfield was driving his 1992 Dodge Ram truck south on Route 114 (West Main Road) in Middletown. As he was approaching a ""bad" intersection, familiar to him, he observed the right front tire of Mr. Heilborn's truck "turn out." Mr. Streitfield testified that the Heilborn vehicle "lurched" into his lane and he thought "I'm going to hit this guy." When Heilborn swerved he was one truck length ahead of Mr. Streitfield who "applied" but did not "jam" his brakes. The Heilborn and Streitfield vehicles never made contact but the Streitfield vehicle collided with plaintiffs car. Mr. Streitfield testified that his right front passenger door hit plaintiffs left front corner.
Mr. Heilborn testified that he was proceeding to Colonial Ice Cream at the corner of Valley Road following his wife and two children in the car ahead of him. He testified that his wife was in the left turn lane and stopped suddenly. He never got fully into the left lane. He viewed the accident between plaintiff and defendant Streitfield to his right. He saw Mr. Streitfield pull into the right lane and hit [the plaintiff] "because he wasn't looking." Mr. Heilborn denies that he ever swerved and testified that he was at a "complete stop" when the collision occurred. He explained that Mr. Streitfield had been driving behind him for some distance and that during the last 1/2 mile before the accident Mr. Streitfield had been flashing his lights at him in an attempt to pass. After Mr. Streitfield passed Mr. Heilborn according to the latter's testimony, Streitfield yelled at Heilborn and had his (Streitfield's) head and hand out the window.
Plaintiff Arlene Siderski testified that she was traveling in her Chevrolet van from her home in Portsmouth to J.C. Penney's. Mrs. Siderski saw a truck "in the distance swerve in the Left hand lane." She "assumed" it was in the travel lane, but stated, "I'm not sure." She then observed a truck "coming at her" from mid-lane, and she "headed for the sidewalk." Several seconds after she swerved — her right wheel actually mounting the curb — she was struck by Mr. Streitfield.
Defendant Streitfield contends that defendant Heilborn's conduct placed him in peril forcing him to act suddenly. Mr. Streitfield urges the court to find that his codefendant caused the accident and that he (Streitfield) was negligence-free.
The court is satisfied, based upon the precedent furnished by counsel, that liability for negligence can be imposed even though there is no physical contact between plaintiff's and defendant's vehicle. Nonetheless, the negligence of the "non-contact" driver must be proven by a fair preponderance of the evidence. Mr. Streitfield likens his factual situation to the scenario in Wardwell v. U.S., 764 F. Supp. 679 (USDC, Me. 1991).
In that case, driver Neelley was proceeding west on a highway behind a van towing a pop-up camper and. ahead of a car being driven by Arthur. Arthur was attempting to pass Neelley and the van on the fight but was "openly and apparently positioned in the right lane, and Neelley should have seen it." Nonetheless, Neelley negligently entered the right lane, admitting in court that he had no explanation for his failure to see Arthur's car." Neelley's maneuver caused Arthur to swerve, lose control, and collide with the van from which the camper became disengaged. The court explicitly found that Neelley's negligence was the "but for" cause of the events causing injuries.
As plaintiff's counsel has stated, this court must determine whether Heilborn caused the accident by moving to the right lane or whether Streitfield overreacted to the move which happened ahead of him.
Importantly, the evidence is undisputed that the "move" Streitfield was reacting to was ahead of him. Streitfield himself testified that Heilborn was a truck length ahead of him when he "swerved." The uncontradicted evidence also places Heilborn at a complete stop at the time of the accident which he viewed behind himself to his right. Streitfield knew he was approaching a "bad" intersection (See § 31-14-3 requiring reduced speed) which he negotiated 2-3 times per week. Apparently, he was impatient and upset with Heilborn as he repeatedly flashed his lights at him and later put his head and hand out the window to yell at him. Heilborn, on the other hand, had every reason to be extra attentive and careful, as the car in front of him contained his wife and two children.
The court is not satisfied that the credible evidence preponderates in favor of Heilborn. The Court finds in favor of Defendant Heilborn in both Plaintiff's case and upon the cross-claim. Judgment shall enter solely against Defendant Streitfield.